IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS FIGUEROA,

   Plaintiff,

                                 CASE NO.:

-vs-

                                 **JURY TRIAL DEMANDED**

SELENE FINANCE LP, a Foreign Limited
Partnership,

   Defendant.

_____/

## COMPLAINT

The Plaintiff, CARLOS FIGUEROA, sues the Defendant, SELENE FINANCE LP, and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant SELENE FINANCE LP, (hereafter "SELENE'), in violation of 47 U.S.C. § 227, *et seq*., the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3.      The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.    Plaintiff, CARLOS FIGUEROA, is and was at all material times a natural person over the age of eighteen (18), who resides in Ruskin, Hillsborough County, Florida.

5.    Plaintiff CARLOS FIGUEROA is the "called party" with respect to the calls placed to his cellular telephone number, (585) 704-4222, as further described herein. See In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order").

6.    At all times material hereto, Defendant, SELENE was a foreign limited partnership authorized to conduct business and conducting business in the state of Florida, with its principal place of business at 9990 Richmond Avenue, Suite 400 South, Houston, Texas 77042.  For purposes of consistency, Defendant shall be referred to herein solely as "SELENE."

## FACTUAL ALLEGATIONS

7.    At all times material hereto, Defendant SELENE sought to collect an alleged debt from Plaintiff CARLOS FIGUEROA that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

8.    Prior to the conduct at issue in this action, in July of 2011, Plaintiff's agent, U.S. Loan Mitigation, L.L.C., sent a letter to Defendant's predecessor in interest, which was executed by Plaintiff, identifying the subject mortgage loan, the Plaintiff's property address associated

with the mortgage loan, authorizing U.S. Loan Mitigation to communicate with Defendant's predecessor in interest regarding the mortgage loan at issue, and specifically stating that Plaintiff desired that all direct communication in relation to the subject mortgage loan immediately cease and desist, including but not limited to telephone calls.

9.      In or about January of 2014, Defendant, SELENE began initiating calls to Plaintiff's cellular telephone number, (585) 704-4222, in an attempt to collect the above described alleged mortgage loan debt.

10.     Upon answering several of these calls, Plaintiff verbally instructed Defendant's representatives that he had retained U.S. Loan Mitigation to pursue a modification of the subject mortgage, that U.S. Loan Mitigation, on behalf of the Plaintiff, had sent Defendant's predecessor servicer a written letter instructing Defendant's predecessor in interest that Plaintiff desired that all further direct communication with Plaintiff immediately cease and desist, and that Plaintiff had retained the law firm of Morgan & Morgan, P.A., with respect to the subject mortgage loan debt, advised Defendant's representatives of his specific attorney's name and contact information, and instructed Defendant's representatives to cease placing calls to his aforementioned cellular telephone number.

11.     Despite Plaintiff's unambiguous instructions to Defendant to cease placing calls to his aforementioned cellular telephone, Defendant SELENE continued initiating calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

12.     Defendant SELENE intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling

several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

13.     To date, Plaintiff has received approximately two hundred (200) calls on his aforementioned cellular telephone number from Defendant, and the calls continue through the date of filing of this Complaint.

14.     Despite Plaintiff demanding that Defendant SELENE stop placing calls to his aforementioned cellular telephone number, Defendant SELENE, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA and FCCPA, as described herein.

15.     The telephone calls at issue were placed by Defendant SELENE using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

16.     Defendant SELENE initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17.     Alternatively, Defendant SELENE initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had, and after Plaintiff advised Defendant that he was represented by an attorney with respect to the subject mortgage loan debt.

4

18.     Additionally, none of the telephone calls at issue were placed by Defendant SELENE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

19.     Defendant SELENE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

20.     Defendant SELENE has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

21.     Defendant SELENE willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

22.     Despite actual knowledge of its wrongdoing, Defendant SELENE continued the campaign of harassment and abuse.

23.     Defendant SELENE's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

24.     Defendant SELENE's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

25.     Defendant SELENE followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

26.     Defendant SELENE has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

27.     Defendant SELENE has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## <u>VIOLATION OF THE TCPA AGAINST SELENE</u>

28.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (28), as if fully set forth herein.

29.     None of the calls at issue were placed by Defendant SELENE to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30.     Furthermore, Plaintiff revoked any "prior express consent" Defendant CMS had or mistakenly believed it had by:

a.      Sending a written letter to Defendant's predecessor in interest specifically demanding that all further direct communication with Plaintiff in relation to the subject mortgage loan debt immediately cease and desist;

b.      Verbally requesting that Defendant stop placing calls to his aforementioned cellular telephone number on numerous occasions; and

c.      Notifying Defendant that he was represented by counsel with respect to the subject mortgage loan debt, and instructing Defendant to direct any further communication in

relation to the subject mortgage loan debt to said counsel. See 15 U.S.C. 1692c(a)(2); Fla. Stat. § 559.72(18).

31.     Additionally, none of the calls at issue were placed by Defendant SELENE to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

32.     Defendant SELENE willfully and/or knowingly violated the TCPA with respect to Plaintiff CARLOS FIGUEROA by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff informed Defendant that he was represented by counsel with respect to the subject mortgage loan debt and instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

33.     The TCPA provides Plaintiff with a private right of action against Defendant SELENE for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff CARLOS FIGUEROA respectfully demands judgment against Defendant SELENE for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FCCPA AGAINST SELENE

34.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (28), as if fully set forth herein.

35.     At all times material to this action Defendant SELENE was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

36.     Defendant SELENE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

37.     Defendant SELENE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

38.     Defendant SELENE engaged in an act or omission prohibited under section 559.72(18), Florida Statutes, by communicating with the Plaintiff in connection with the collection of a debt when Defendant knew Plaintiff was represented by an attorney with respect to the debt and had knowledge of the attorney's name and address.

39.     The actions of Defendant SELENE have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant SELENE for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the

future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
D.Mitchell@maneygordon.com
V.Marrero@maneygordon.com
Counsel for Plaintiff